IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OBRA LOUIS LONDON, ) | |
| Petitioner, ) | |
| v. ) | No. 3:16-CV-1744-L |
| ) | |
| DALLAS COUNTY SHERIFF'S DEPT. and ) | |
| the STATE OF TEXAS, ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

I.

Petitioner is a pre-trial detainee incarcerated in the Dallas County Jail. He is proceeding *pro se* and has filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Petitioner claims he has been wrongfully charged and indicted for capital murder. He states his bond is set unreasonably high and his counsel has failed to file his *pro se* motions. He seeks dismissal of the indictment, or release on a personal recognizance bond.

II.

Pre-trial petitions for writ of habeas corpus are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

For a court to review the claims of state pre-trial detainee under § 2241, however, two requirements must be satisfied. First, the petitioner must be "in custody." 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Id*. In this case, Petitioner is incarcerated in the Dallas County Jail and is therefore sufficiently in custody under § 2241.

Petitioner, however, has failed to exhaust state remedies. Exhaustion of state remedies in Texas requires a petitioner to present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden,* 410 U.S. at 493 ("derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed).

Petitioner has failed to show that he presented his claims to the Court of Criminal Appeals. The petitions should be dismissed for failure to exhaust state court remedies.

III.

The Court hereby recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

Signed this 6th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).